UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH KEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-02466-JPH-DLP |
| ) | |
| WENDY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In May 2020, Kenneth Kee made a series of phone calls from the Correctional Industrial Facility to a woman who was located outside the prison. Prison staff monitored the calls and determined that Mr. Kee had passed other inmates' birth dates and social security numbers to the woman so she could deposit the inmates' economic stimulus payments. Based on these calls, the prison staff charged Mr. Kee with eight Disciplinary Code violations.

In case CIC 20-06-0156, the prison disciplined Mr. Kee for possessing another inmate's personal information in violation of Code 247. In his petition for a writ of habeas corpus, Mr. Kee challenges that disciplinary action and asks the Court to restore his lost credit time. For the reasons that follow, the Court denies his petition and directs the clerk to enter final judgment in the respondent's favor.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

1

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

## II. The Disciplinary Proceeding

The facts underlying CIC 20-06-0156 are not in dispute. On May 25, 2020, Mr. Kee called his partner and provided her with the names and corresponding social security numbers and dates of birth of several inmates. Mr. Kee also provided her with the name and date of birth, but not the social security number, of William Martin. Dkt. 9 at 6. The next day, Mr. Kee called his partner again and told her that Mr. Martin decided against providing him with the additional information that was needed to deposit his stimulus payment. *Id.* at 5.

Intelligence Analyst S. Gosser wrote a conduct report describing the May 25 call, stating in relevant part:

> Offender Kee did not receive prior approval from [t]he Warden or through a Court Order before obtaining the personal information of another offender. Additional information from offender Kee's phone calls explain that [his partner] is using the personal information of offenders to file for stimulus checks using their identity.

Dkt. 8-1.

The prison staff charged Mr. Kee with possessing Mr. Martin's personal information in violation of Code 247. Dkt. 8-2. The screening report notifying Mr. Kee of the disciplinary charge indicates that he declined to request any witness testimony or evidence to present at his disciplinary hearing. *Id.* Mr. Kee signed the screening report. *Compare id. with* dkt. 1 at 3.

Officer Schildmeier conducted a disciplinary hearing on June 23, 2020. Dkt. 8-4. According to the hearing report, Mr. Kee did not deny that he possessed Mr. Martin's personal

2

information. Instead, he stated he was simply "trying to help" Mr. Martin. *Id.* Mr. Kee argues in his petition that the prison staff denied his request for a transcript of the relevant phone calls. Dkt. 1 at 2. Officer Schildmeier attests that he allowed Mr. Kee to *review* the transcripts but not to *keep* them, as they included inmates' confidential personal information. Dkt. 8-10 at ¶ 5.

Officer Schildmeier found Mr. Kee guilty and assessed sanctions, including the deprivation of 60 days' earned credit time. Dkt. 8-4. Mr. Kee appealed that decision on three grounds:

1. "There are (8) different charges of 247B, and all of them should run concurrently because they are (all) under same phone # and happened on same phone call." Dkt. 8-5.

2. "Also my due process was violated because [Officer Schildmeier] didn't let me have evidence I requested." *Id.*

3. "At best charge should have only been a Class C, 361 'Abuse of phones.'" *Id.*

Both of his administrative appeals were unsuccessful. *Id.*; dkt. 8-6.

### III. Analysis

In his petition, Mr. Kee contests his disciplinary conviction on the same grounds that he raised in his administrative appeals. Dkt. 1 at 3. Mr. Kee does not elaborate significantly on these arguments in his petition, and he has not filed a reply.

**A.     Sufficiency of Evidence**

Mr. Kee argues that he should have "[a]t best" been charged with violating Code 361, a lesser offense. Dkt. 8-5. The Court understands Mr. Kee to be arguing that the evidence did not support his conviction for violating Code 247.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the

3

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Code 247 prohibits "[p]ossessing or soliciting unauthorized personal information regarding another offender . . . except as authorized by a court order or as approved in writing by the Warden." Dkt. 8-7. The Code includes a non-exhaustive list of relevant information, including social security numbers, that inmates may not possess without authorization. *Id.*

It's clear from the evidence that Mr. Kee possessed Mr. Martin's date of birth, and Mr. Kee does not contend that he had authorization from a court or from the Warden to have that information. Both Intelligence Analyst Gosser and Officer Schildmeier determined that this violated Code 247. Although a person's date of birth is not listed in Code 247, it is personal information within the scope of that provision. Accordingly, the Court defers to the officers' interpretation of the Disciplinary Code. *See Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) (reversing district court's grant of habeas relief based on "a reading of a prison regulation that differs from Indiana's understanding").

There is some evidence supporting the hearing officer's decision and that is all due process requires. *Jones*, 637 F.3d at 849.

**B.     Denial of Evidence**

Mr. Kee asserts that his request for a copy of the transcript of the phone call with his partner was refused. Dkt. 1 at 2.  Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones*, 637 F.3d at 847. Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

As the petitioner, Mr. Kee faces the burden of establishing that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Officer Schildmeier attests that he allowed Mr. Kee to *review* the transcript, dkt. 8-10 at ¶ 5, and Mr. Kee has not presented contrary evidence. Regardless, the transcript is neither exculpatory nor material. Instead, it documents that Mr. Kee spelled out Mr. Martin's name and then provided his birth date. Dkt. 9 at 6. It is thus evidence that Mr. Kee committed exactly the conduct he was charged with committing. For purposes of CIC 20-06-0156, the transcript was incriminating, not exculpatory, and the prison staff could not have denied him due process by withholding it.

5

### C.      Multiple Punishments

Finally, Mr. Kee argues that the prison staff should have assessed one punishment for all eight disciplinary charges rather than assessing eight separate penalties. The Seventh Circuit recently dismissed this argument. In *Decker v. Bell*, 772 F. App'x 339, 341 (2019), the court found no due process violation where prison officials disciplined an inmate who drank an alcoholic beverage for both possessing *and* drinking the substance. Noting that the protection against double jeopardy does not apply in non-criminal proceedings, such as prison disciplinary cases, the court found no constitutional barrier to assessing multiple punishments from a single incident. *Id.* (citing *Wolff*, 418 U.S. at 556; *Hudson v. United States*, 522 U.S. 93, 98–99 (1997). "[B]ecause multiple withdrawals of good-time credits for the same misconduct can never force an inmate to serve more time in prison than a court sentenced him to serve, due process is respected." *Id.* (citing *McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 246 (1972)). The Constitution permitted the prison staff to discipline Mr. Kee for multiple offenses arising from the same incident.

To the extent Mr. Kee asserts that the penalty the hearing officer assessed for this individual case was unconstitutionally excessive, this argument also fails. A sanction that is "considerably less than the maximum" authorized by the disciplinary code does not violate the Constitution. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) (citing *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997)). And Mr. Kee's 60-day loss of earned credit time fell well short of the three-month maximum for Class B offenses. *See* dkts. 8-4, 8-8 at 2.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Kee's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he

6

seeks. Accordingly, Mr. Kee's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 10/20/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENNETH KEE
995578
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov